O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 11-00691 (3) DDP |
| Plaintiff, | **ORDER GRANTING MOTION FOR ENTRY OF A MONEY JUDGEMENT OF FORFEITURE** |
| v. | |
| TAYLOR WONG, | [Dkt. No. 107] |
| Defendant. | |

Before the court is the Government's motion for entry of a money judgment of forfeiture against Defendant Wong in the amount of $105,371.00, pursuant to Federal Rule of Criminal Procedure 32.2. Having considered the parties' submissions and heard oral argument, the court adopts the following order.

**I.  Background**

Defendant Wong was convicted on Count One of the indictment, which charged him with conspiracy in violation of 18 U.S.C. § 371. On March 27, 2014 the Court sentenced Defendant Wong to nine months

imprisonment followed by nine months in a home detention program; it also ordered restitution in the amount of $803,972.80 and ordered that Defendant pay restitution at a rate of not less than $25.00 per quarter during the period of imprisonment and thereafter nominal monthly payments of at least ten percent of Defendant's gross monthly income, but not less than $100, whichever is greater.

On March 16, 2012, the Government moved for entry of a money judgment of forfeiture against Defendant Wong in the amount of $105,371.00. The amount requested represents the amount paid by the Defendant to his co-conspirators for illicit services - namely, the undervaluation, misclassification, and in-bond diversion of shipments from China. The government alleged these payments constituted (1) proceeds generated by the conspiracy and (2) proceeds to defendant Wong, and as such are recoverable pursuant to Federal Rule fo Criminal Procedure 32.2.

**II. Discussion**

**A. Legal Standard**

"Proceeds" of unlawful activities "means property of any kind obtained directly or indirectly" as the result of the commission of a criminal offense, and any property traceable thereto, and "is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). District judges do not have discretion to reduce or eliminate a forfeiture unless required by statute. United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011).

**B. Discussion**

Defendant contends that the monies paid by Wong to his co-conspirators are not "proceeds" under the meaning of 18 U.S.C. § 981(a)(2)(A) because they are not property obtained by Wong either

directly or indirectly as a result of the commission of the offenses. Further, Defendant contends that imposing a money judgment in this case would result in impermissible double-counting since the Court also imposed restitution. The court disagrees.

The proceeds of a conspiracy equal the total amount of the proceeds obtained by the conspiracy as a whole. Id. at 1244. Thus, even though Defendant paid out the $105,371.00 in question to his co-conspirators, those monies are considered proceeds of the conspiracy subject to forfeiture under 18 U.S.C. § 981(a)(2)(A). See United States v. Ivanchukov, 405 F.Supp.2d 708 (E.D. Va. 2005) (finding $100,000 payment to co-conspirator for legal expenses subject to forfeiture as illegal proceeds of a conspiracy). Further, co-conspirators are held jointly and severally liable for the amount to be forfeited as a result of the criminal offense. See, e.g., United States v. Kilbride, 2007 WL 2990116 (D. Ariz. 2007) (ordering co-defendants to be jointly and severally liable for criminal forfeiture stemming from proceeds of defendants' CAN-SPAM Act violation); United States Commodity Futures Trading Comm'n v. Nat'l Inv. Consultants, Inc., 2006 WL 2548564 (N.D. Cal. 2006) (holding all defendants jointly and severally labile for restitution payments stemming from a violation fo the Commodity Exchange Act).

Additionally, the statutory definition of "proceeds" of a criminal activity includes costs saved through the commission of a criminal offense as indirect gains to the defendant. See, e.g., United States v. Torres, 703 F.3d 194 (2d Cir. 2012) (upholding money judgment equal to the value of fraudulently procured housing subsidy benefits, where the amount represented a savings to the

3

defendant retained as a consequence of the crime).  The $105,371.00 figure, a conservative estimate of the proceeds Defendant Wong paid to co-conspirators for purposes of avoiding liabilities at least equal to that amount, is thus recoverable through forfeiture.

Furthermore, a criminal defendant is not entitled to offset his forfeiture by the amount of his restitution order.  <u>United States v. Davis</u>, 706 F.3d 1081, 1084 (9th Cir. 2013).  The purpose of forfeiture is to punish the offender, while the purpose of restitution is to compensate the victim.  <u>Id.</u>  Even though the government would receive both forfeiture and restitution, there "simply is no double recovery" since forfeiture and restitution are entirely different remedies that serve different goals.  <u>Id.</u>

**III. Conclusion**

For the reasons set forth herein, the Government's Motion for Entry of a Money Judgment of Forfeiture (Dkt. No. 107) is GRANTED.

IT IS SO ORDERED.

Dated: December 9, 2014

DEAN D. PREGERSON
United States District Judge